Robert Dembia, Esq.
350 Broadway-Suite 1210
New York, New York 10013

[PM 5168]
Paul A. Montalbano, Esq.
COHEN, LEDER, MONTALBANO & GROSSMAN, L.L.C.
1700 Galloping Hill Road
Kenilworth, New Jersey, 07033
(908) 298-8800
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOCAL UNION NO. 825, affiliated with the INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, and THE BOARDS OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING AND RETRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS FUND, THE IUOE LOCAL 825 ANNUITY FUND, | Civil Action No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| LANDSCAPE UNLIMITED, INC. | USDC SDNY DOCUMENT ELECTRONICALLY FILED |
| Defendant. | |

Plaintiffs, LOCAL UNION NO. 825, AFFILIATED WITH THE INTERNATIONAL

UNION OF OPERATING ENGINEERS, AFL-CIO (hereinafter referred to as the "Local," or

"Local 825"), a labor union having its principal office at 65 Springfield Avenue, Springfield, N.J. 07081, and THE BOARDS OF TRUSTEES OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING AND RE-TRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS FUND, and THE IUOE LOCAL 825 ANNUITY FUND, (hereinafter referred to as the "Boards of Trustees"), having their principal offices at 65 Springfield Avenue, Springfield, N.J., 07081, by way of Complaint against Defendant, LANDSCAPE UNLIMITED, INC., (hereinafter "LANDSCAPE") having their principal office at 13 Frances Drive, Katonah, New York, 10536, hereby declare and state:

## JURISDICTION AND VENUE

1. This is an action for the violation of a Collective Bargaining Agreement between Local 825, a labor union that represents employees in an industry affecting interstate commerce, and, LANDSCAPE a domestic business corporation of New York engaged in construction and related business. LANDSCAPE is, and at all times relevant to this action, has been an employer in an industry affecting interstate commerce.

2. This court has jurisdiction in this matter pursuant to the Employee Retirement Income Security Act of 1974 ["ERISA"], particularly 29 U.S.C. §§ 1132(a)(3) and 1145, and also § 301(a) of the Labor Management Relations Act (hereinafter referred to as the "LMRA"), 29 U.S.C. § 185. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue is properly laid herein pursuant to 29 U.S.C. § 1391 as all claims arise in Defendant's work places which are located within the Southern District of New York.

## PARTIES

4. Plaintiff, Local 825, having its principal office at 65 Springfield Avenue, Springfield, N.J., 07081, and with subsidiary offices located at 6 Wesley Court, Middletown, New York, 10941, is the sole and exclusive bargaining representative for a group of employees employed by Defendant, LANDSCAPE.

5. Plaintiff, Local 825, brings this action on behalf of the Local Union and its members.

6. Plaintiffs, Boards of Trustees, having its principal offices at 65 Springfield Avenue, Springfield, New Jersey, 07081, manage and control:

    a. the International Union of Operating Engineers, Local 825 Pension Fund (hereinafter referred to as the "Pension Fund");

    b. the International Union of Operating Engineers, Local 825 Welfare Fund (hereinafter referred to as the "Welfare Fund");

    c. the International Union of Operating Engineers, Local 825 Apprenticeship Training and Re-Training Fund (hereinafter referred to as the "Training Fund");

    d. the International Union of Operating Engineers, Local 825 Supplemental Unemployment Benefit Fund (hereinafter referred to as the "SUB Fund");

    e. the International Union of Operating Engineers, Local 825 Savings Fund (hereinafter referred to as the "Savings Fund"); and

    f.  the International Union of Operating Engineers, Local 825 Annuity Fund (hereinafter referred to as the "Annuity Fund")

(hereinafter collectively referred to as the "Funds"), which are funds established and maintained pursuant to the provisions of Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, (the "LMRA"), 29 U.S.C. Section 186(c)(5). The Funds are "employee benefit plans" within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. Section 1002(3), and they are each "multi-employer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. Section 1002(37) (the Funds may also be referred to herein as the "Boards of Trustees).

 7. Plaintiffs, Boards of Trustees, bring this action on behalf of the Funds, their participants and beneficiaries.

 8. Defendant, LANDSCAPE, is a domestic business corporation duly licensed or permitted to transact business in the state of New York.

 9. Defendant LANDSCAPE and Local 825 are signatories to a collective bargaining agreement (hereinafter referred to as the "Agreement") effective for the period July 1, 2007 through June 30, 2008. Defendant, LANDSCAPE and Local 825 are, and at all times relevant to the issues addressed herein, have been signatories to this Agreement. The Agreement contains specific provisions governing wage-rates, work-hours and benefit contribution obligations and rates. The Agreement also contains specific provisions whereby LANDSCAPE agreed to staff all projects that use power-driven equipment with Local 825 bargaining unit employees, as well as to secure referrals from the Local 825 Hiring Hall to perform bargaining unit work.

10. In accordance with the Agreement, LANDSCAPE is obligated to pay the appropriate wage-rates and corresponding benefit contribution-rates on behalf of employees in their employ who perform bargaining unit work, or to those Hiring Hall registrants who are deprived of opportunities to perform bargaining unit work pursuant to the terms and provisions of the Agreement.

## FIRST COUNT

11. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 10 as if set forth in full herein.

12. On or about October 11, 2007, LANDSCAPE hired Local 825 bargaining unit employees to perform work on a project taking place at a Lowe's store in Chester, New York (hereinafter referred to as the "Project").

13. Since beginning work on the Project, LANDSCAPE has improperly staffed this Project for the operation of power-driven equipment, as provided for in the Agreement.

14. Since beginning work on the Project, LANDSCAPE has failed to secure manpower referrals to perform bargaining unit work, as provided for in the Agreement, and thereby Hiring Hall registrants have been wrongly deprived of work opportunities and have lost wages and benefits.

15. Since beginning work on the Project, LANDSCAPE has failed to pay contractually obligated wages to Local 825 bargaining unit employees, as provided for in the Agreement.

16. LANDSCAPE has failed to and/or refuses to pay the required fringe benefits on behalf of all bargaining unit employees who perform this bargaining unit work, or who were deprived of work opportunities.

17. Demands by representatives of Local 825 upon LANDSCAPE to cease such violations and make the required wage and fringe benefit payments to bargaining unit employees, and to properly staff this Project by securing referrals to perform bargaining unit work, have been ignored and/or refused, and LANDSCAPE thereby has indicated that it will continue into the future to engage in the actions complained of herein.

18. The conduct above described violates the terms of the Agreement in effect between LANDSCAPE and Local 825.

19. As a result of the violations complained of, LANDSCAPE has deprived the Local 825 members in its employ, and Hiring Hall registrants of wages and benefits which the bargaining unit employees are entitled to pursuant to the terms Agreement between LANDSCAPE and Local 825.

20. By reason of the foregoing, Local 825, and its members have suffered damages.


WHEREFORE, Plaintiffs, LOCAL UNION NO. 825, I.U.O.E., and THE BOARDS OF TRUSTEES OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING and RE-TRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS

FUND, and THE IUOE LOCAL 825 ANNUITY FUND, demand judgment against Defendant, LANDSCAPE, as follows:

    A.    Restraining and permanently enjoining Defendants from violating the Agreement, which includes providing minimum guaranteed work opportunities;

    B.    Judgment in the amount of monetary damages for lost wages, dues and assessments for all affected Local 825 bargaining unit members.

    C.    Pre-judgment interest;

    D.    Post-judgment interest;

    E.    Liquidated damages in the amount of twenty percent (20%) of the employee benefit fund contribution delinquency;

    F.    Reasonable attorneys fees and costs of suit; and

    G.    Such other relief as the court deems just and appropriate.

## SECOND COUNT

21. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 20 as if set forth in full herein.

22. The Agreement between Local 825 and the Defendant LANDSCAPE incorporates by reference the terms of the trust indentures of the aforementioned Funds.

23. Pursuant to the aforementioned Agreement, and the terms of the trust indentures of the aforementioned Funds, LANDSCAPE became obligated to make contributions to the Funds in a prompt and timely manner at rates specified in the Agreement.

24. Defendant LANDSCAPE has failed and/or refused, and continues to fail and/or refuse to make contributions to the Funds in the required amounts on behalf of the affected Local 825 bargaining unit members in its employ, and for Hiring Hall registrants who have been denied work opportunities, as defined by the terms of the Agreement, resulting in a contribution delinquency.

25. Demands by representatives of Local 825 upon LANDSCAPE to cease such violations, and to make the required payments to the Funds have been ignored and refused, and LANDSCAPE thereby has indicated that it will continue to engage in the future in the actions complained of herein.

26. As a result of the violations complained of herein, the Funds have suffered damages in that the Funds did not receive all of the contributions on behalf of the affected Local 825 bargaining unit members who worked, as defined by the terms of the Agreement.

27. Pursuant to ERISA, 29 U.S.C. Section 1132(g), the Funds are entitled to receive an award of interest on the delinquency amount, liquidated damages in the amount of twenty percent (20%) of the delinquency, reasonable attorneys fees, and any other legal or equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs, LOCAL UNION NO. 825, I.U.O.E., and THE BOARDS OF TRUSTEES OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING and RE-TRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS

FUND, and THE IUOE LOCAL 825 ANNUITY FUND, demand judgment against Defendant, LANDSCAPE, as follows:

    A.    Restraining and permanently enjoining Defendant from violating the Agreement;

    B.    Judgment for money damages in the amount of the contribution delinquency due and owing to the Boards of Trustees of the Funds as a result of the Defendants' actions.

    C.    Pre-judgment interest;

    D.    Post-judgment interest;

    E.    Liquidated damages in the amount of twenty percent (20%) of the employee benefit fund contribution delinquency;

    G.    Reasonable attorneys fees and costs of suit; and

    H.    Such other relief as the court deems just and appropriate.

## THIRD COUNT

28. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 27 as if set forth in full herein.

29. Pursuant to the Agreement, for the effective period July 1, 2007 through June 30, 2007, all construction work performed by LANDSCAPE and those in its employ, in Delaware, Ulster, Sullivan, Orange, and Rockland Counties in New York, as well as the entire State of New Jersey, is deemed to be "Bargaining Unit Work," and therefore covered by the terms and provisions of this Agreement.

30. By virtue of this Agreement, LANDSCAPE is required to assign all Bargaining Unit Work to referees from the Local 825 Hiring Hall, and LANDSCAPE is likewise obligated to secure its manpower requirements from the Hiring Hall, and from no other sources.

31. Upon information and belief, since executing the Agreement, LANDSCAPE has performed, and is presently performing Bargaining Unit Work on other projects besides the project at Lowe's store in Chester, New York, without securing its manpower requirements from the Hiring Hall.

32. Demands by representatives of Local 825 upon LANDSCAPE to cease such violations, and to properly staff its projects with Hiring Hall registrants, have been ignored and refused, and LANDSCAPE thereby has indicated that it will continue to engage in the future in the actions complained of herein.

33. LANDSCAPE has violated the Agreement by failing to properly staff its projects located in the above-mentioned geographical area with manpower secured from the Hiring Hall.

34. As a result of the violations complained of herein, Hiring Hall registrants have suffered damages in that they have lost work opportunities with LANDSCAPE that they were entitled to, as provided for in the Agreement.

35. As a result of the violations complained of herein, Hiring Hall registrants have suffered damages in that they have lost wages and benefits contributions that they were entitled to, as provided for in the Agreement.

36. As a result of the violations complained of herein, the Funds have suffered damages in that the Funds did not receive all of the contributions on behalf of the affected Hiring Hall registrants, as provided for in the Agreement.

37. Pursuant to ERISA, 29 U.S.C. Section 1132(g), the Funds are entitled to receive an award of interest on the delinquent amount, liquidated damages in the amount of twenty percent (20%) of the delinquency, reasonable attorneys fees, and any other legal or equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs, LOCAL UNION NO. 825, I.U.O.E., and THE BOARDS OF TRUSTEES OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING and RE-TRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS FUND, and THE IUOE LOCAL 825 ANNUITY FUND, demand judgment against Defendant, LANDSCAPE, as follows:

A. Restraining and permanently enjoining Defendant from violating the Agreement;

B. Judgment for money damages in the amount of the contribution delinquency due and owing to the Boards of Trustees of the Funds as a result of the Defendants' actions.

C. Pre-judgment interest;

D. Post-judgment interest;

E. Liquidated damages in the amount of twenty percent (20%) of the employee benefit fund contribution delinquency;

G. Reasonable attorneys fees and costs of suit; and

H. Such other relief as the court deems just and appropriate.

## FOURTH COUNT

38. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 37 as if set forth in full herein.

39. LANDSCAPE, as signatory to the aforementioned Agreement with Local 825, is an employer participant in the Funds, and as a signatory employer is bound to the Fund Trust Indentures, which subject the employer to the resolutions, rules, and regulations of the Funds.

40. Pursuant to the Agreement, and to the resolutions, rules, and regulations of the Funds, contributing employers are obligated to secure and post with the Funds a fringe benefit surety bond.

41. LANDSCAPE has failed to and/or refuses to comply with this obligation.

42. As a result of the violation complained of herein, the Funds have suffered damages in that the Funds have been, and continue to be deprived of the economic security provided for by the fringe benefit surety bond, and therefore are subjected to risk of loss of the benefit contributions LANDSCAPE is obligated to submit, as provided for in the Agreement.

WHEREFORE, Plaintiffs, LOCAL UNION NO. 825, I.U.O.E., and THE BOARDS OF TRUSTEES OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING and RE-TRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS

FUND, and THE IUOE LOCAL 825 ANNUITY FUND, demand judgment against Defendant, LANDSCAPE, as follows:

    A.    Restraining and permanently enjoining Defendant from violating the Agreement;

    B.    Reasonable attorneys fees and costs of suit; and

    C.    Such other relief as the court deems just and appropriate.

Dated: January 7, 2008        By: _____