## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------:

LOCAL UNION NO. 825, affiliated  :
with the INTERNATIONAL UNION OF  :
OPERATING ENGINEERS, AFL-CIO,  :
and THE BOARD OF TRUSTEES OF  :
THE INTERNATIONAL UNION OF  :
OPERATING ENGINEERS, LOCAL 825 :
PENSION FUND, THE IUOE LOCAL  :
825 WELFARE FUND, THE IUOE  :
LOCAL 825 APPRENTICESHIP  :
TRAINIING AND RETRAINING FUND, :
THE IUOE LOCAL 825  :
SUPPLEMENTAL UNEMPLOYMENT  :
BENEFIT FUND, THE IUOE LOCAL  :
825 SAVINGS FUND, THE IUOE  :
LOCAL 825 ANNUITY FUND,  :
  :
      Plaintiffs,  :
    vs.  :
  :
LANDSCAPE UNLIMITED, INC.  :
  :
      Defendant,  :

-------------------------------------------------------:

**CIVIL ACTION**
**NO. 08-CV-00590 (SCR)**

**ANSWER**

The Defendant, LANDSCAPE UNLIMITED, INC., through its attorneys, MARCUS, OLLMAN & KOMMER, LLP in answer to the Plaintiffs' Complaint, states as follows:

### JURISDICTION AND VENUE

1.    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 1, except admits that LANDSCAPE UNLIMITED, INC. is a domestic business corporation engaged in construction and related business.

2.    Denies each and every allegation as is contained in the paragraph of the Plaintiffs'

Complaint, designated and numbered: 2, as to matters of law and leaves to this Court the interpretation thereof.

3.     Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered:3, as to matters of law and leaves to this Court the interpretation thereof.

4.     Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 4.

5.     Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 5.

6.     Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 6 and further specifically denies knowledge or information sufficient to form a belief as to the allegations in subsections (a) through (f).

7.     Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 7.

8.     Admits the allegations set forth in the paragraph of the Plaintiffs' Complaint designated and numbered: 8.

9.     Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 9, but admits that an Agreement was executed with the Plaintiffs and leaves to this Court the interpretation thereof.

10.     Denies each and every allegation contained in the paragraph of the Plaintiffs'

Complaint, designated and numbered: 10.

## AS AND FOR AN ANSWER TO THE FIRST COUNT,

## THE DEFENDANT:

11.    Repeats, reiterates and realleges the denials and admissions set forth above in response to Paragraphs 1-10 of the Complaint as though fully set forth herein.

12.    Admits the allegations set forth in the paragraph of the Plaintiffs' Complaint designated and numbered: 12.

13.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 13.

14.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 14.

15.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 15 and further specifically denies that Plaintiffs are owed any money for, or that Defendant owes any payment for, any of the work, labor or services for the projects or locations set forth therein.

16.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 16, and further specifically denies that Plaintiffs are owed any money for, or that Defendant owes any payment for fringe benefits for the projects or locations set forth therein.

17.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 17, and further specifically denies that any demands by the

Plaintiffs' representatives were ever made to the Defendant as set forth therein.

18.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 18.

19.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 19, and further specifically denies that the Plaintiffs are owed any money for, or that the Defendant owes any payment for, any wages or benefits for any of the work, labor or services for the projects or locations set forth therein.

20.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 20.

## AS AND FOR AN ANSWER TO THE SECOND COUNT,

## THE DEFENDANT:

21.    Repeats, reiterates and realleges the denials and admissions set forth above in response to Paragraphs 1-20 of the Complaint as though fully set forth herein.

22.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 22.

23.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 23.

24.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 24, and further specifically denies that Plaintiffs are owed any money for, or that Defendant owes any payment for, any contributions for the projects or locations set forth therein.

4

25.     Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 25, and further specifically denies that any demands by the Plaintiff's representatives were ever made to the Defendant as set forth therein.

26.     Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 26, and further specifically denies that Plaintiffs are owed any money for, or that Defendant owes any payment for, any contributions for the projects or locations set forth therein.

27.     Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 27.

## AS AND FOR AN ANSWER TO THE THIRD COUNT,

## THE DEFENDANT:

28.     Repeats, reiterates and realleges the denials and admissions set forth above in response to Paragraphs 1-27 of the Complaint as though fully set forth herein.

29.     Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 29, and further specifically denies that any agreement between the parties relates to construction work by the Defendant throughout the State of New York.

30.     Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 30.

31.     Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 31.

32.     Denies each and every allegation contained in the paragraph of the Plaintiffs'

Complaint, designated and numbered: 32, and further specifically denies that any demands by the Plaintiffs' representatives were ever made to the Defendant as set forth therein.

33.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 33.

34.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 34.

35.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 35.

36.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 36.

37.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 37.

## AS AND FOR AN ANSWER TO THE FOURTH COUNT,

## THE DEFENDANT:

38.    Repeats, reiterates and realleges the denials and admissions set forth above in response to Paragraphs 1-37 of the Complaint as though fully set forth herein.

39.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 39.

40.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 40.

41.    Denies each and every allegation contained in the paragraph of the Plaintiffs'

6

Complaint, designated and numbered: 41.

    42.    Denies each and every allegation contained in the paragraph of the Plaintiffs' Complaint, designated and numbered: 42.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

### THE DEFENDANT ALLEGES:

    43.    There is a lack of jurisdiction as against the Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

### THE DEFENDANT ALLEGES:

    44.    The Defendant cannot be held liable to the Plaintiffs because there was no agreement between the parties and the Defendant is not in privity with the Plaintiffs.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

### THE DEFENDANT ALLEGES:

    45.    Plaintiffs claims are and should be offset by the sums of money paid by the Defendant to other persons or entities or more specifically, other locals of the same union on behalf of the union members which sums exceed any amounts that are alleged to be due from Defendant to Plaintiffs.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

### THE DEFENDANT ALLEGES:

    46.    The Plaintiffs claims are barred by the doctrine of waiver as the Plaintiffs and/or their representatives failed to contact the Defendant or otherwise notify LANDSCAPE UNLIMITED, INC. of any alleged default.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

## THE DEFENDANT ALLEGES:

47.     The Plaintiffs claims are barred by the equitable doctrine of laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

## THE DEFENDANT ALLEGES:

48.     The Plaintiffs claims are barred by the doctrine of estoppel and the doctrine of reciprocity as there existed a reciprocal agreement between members of Local 825 and Local 137.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

## THE DEFENDANT ALLEGES:

49.     The Plaintiffs claims are barred by the terms of the alleged agreement which requires disputes to be settled by arbitration.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

## THE DEFENDANT ALLEGES:

50.     The Plaintiffs claims are barred as they have been paid all dues and monies allegedly owed to them by the Defendant herein.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

## THE DEFENDANT ALLEGES:

51.     Any damages sustained by the Plaintiffs, which the Defendant vehemently denies, were caused by the actions, failures to act, or negligence of the Plaintiffs and/or its agents, employees or representatives.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

**THE DEFENDANT ALLEGES:**

52.     The Plaintiffs claims are barred by the relevant documentary evidence.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

**THE DEFENDANT ALLEGES:**

53.     The Plaintiffs lack capacity to sue herein.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

**THE DEFENDANT ALLEGES:**

54.     The Plaintiffs claims are barred by the doctrine of estoppel by acquiescence.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

**THE DEFENDANT ALLEGES:**

55.     The Plaintiffs' Complaint fails to state a cause of action or claim upon which relief may be granted.

**AS AND FOR A COUNTERCLAIM AGAINST THE PLAINTIFFS**

**THE DEFENDANT ALLEGES:**

56.     Plaintiffs' representative met with the Defendant and specifically agreed that members of Local 137 of the International Union of Operating Engineers would be permitted to operate equipment covered by the Collective Bargaining Agreement herein so long as one or more members of Local 825 were employed at the job site.

57.     That pursuant to the Labor Management Relations Act, Fair Labor Standards Act, and under New York Labor Laws, should the Defendant, LANDSCAPE UNLIMITED, INC. prevail in this action, the Defendant is entitled to reasonable attorneys fees and costs expended in defending

9

this action over and against the Plaintiffs.

**WHEREFORE,** the Defendant demands judgment of the Plaintiffs dismissing the Complaint and further denying the Plaintiffs' request for injunctive relief, damages, interest, liquidated damages and counsel fees in each of the counts herein and for reasonable attorneys' fees and costs and disbursements incurred in this action and for such further relief as to this Court seems just and proper.

Dated: New Rochelle, New York
        March 11, 2008

                            The Defendant,

                            LANDSCAPE UNLIMITED, INC.

                            BY: _____
                               JOHN S. KOMMER, ESQ.
                               MARCUS OLLMAN & KOMMER, LLP
                               Federal Bar # JK8570
                               145 Huguenot Street, Suite #402
                               New Rochelle, New York 10801
                               (914) 633-7400
                               (914) 633-7445 - fax
                               Jkommer@moklaw.com

10