UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

LOCAL UNION NO. 825, affiliated
with the INTERNATIONAL UNION OF
OPERATING ENGINEERS, AFL-CIO,
and THE BOARD OF TRUSTEES OF
THE INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL 825
PENSION FUND, THE IUOE LOCAL
825 WELFARE FUND, THE IUOE
LOCAL 825 APPRENTICESHIP
TRAINIING AND RETRAINING FUND,
THE IUOE LOCAL 825
SUPPLEMENTAL UNEMPLOYMENT
BENEFIT FUND, THE IUOE LOCAL
825 SAVINGS FUND, THE IUOE
LOCAL 825 ANNUITY FUND,

        Plaintiffs,

vs.

LANDSCAPE UNLIMITED, INC.

        Defendant,

CIVIL ACTION
NO. 08-CV-00590 (SCR)

RULE 26 (a) STATEMENT
OF INITIAL DISCLOSURES

---

The Defendant LANDSCAPE UNLIMITED, INC., by its attorneys, Marcus, Ollman and Kommer LLP, hereby provides its initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP"). Defendant's disclosures are based on its investigation and discovery of the facts and circumstances related to this action as of today's date.

### General Statement

1.    By providing information pursuant to any provision of Rule 26 of the FRCP, Defendant does not concede the materiality of the subject to which it refers. Defendant's responses are made

expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information produced or identified in any proceeding, including the trial of this action or any subsequent proceeding.

2. Defendant objects to the provisions of FRCP Rule 26(a)(1) to the extent that they demand information that is protected by the attorney client and/or work product privilege.

3. Identification of any document that is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that document or any other document or its subject matter, or the information contained in it, or of Defendant's right to object to the use of any such document or the information contained in it during any proceeding in this litigation or otherwise.

4. Defendant will continue to search for documents and information relevant to this litigation and therefore reserves the right to supplement these responses pursuant to FRCP Rule 26(a)(1) if necessary. Defendant also reserves the right to object to the future disclosure of any such documents and/or information.

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information along with the subjects of that information that the disclosing party may use to support its claims and defenses, unless the use would be solely for impeachment;**

1.  Mr. Stephen Vieira                                    (914) 232-5623
    c/o Landscape Unlimited, Inc.
    PO Box 38
    Somers, New York 10589

    Mr. Vieira has knowledge of the allegations in the complaint and the factual circumstances

to which they refer, and more specifically, the "Lowe's Job". He has knowledge of communications between the Plaintiffs and the Defendant concerning the alleged agreement between and among the parties herein.

2.  Ms. Jean Vieira                                    (914) 232-5623
    c/o Landscape Unlimited, Inc.
    PO Box 38
    Somers, New York 10589

Mrs. Vieira has knowledge of the allegations in the complaint and the factual circumstances to which they refer. She has knowledge of the payroll and all employee benefits paid on behalf of the union employees.

3.  Mr. Michael Buyl                                   (Unknown)
    c/o Local 825
    6 Wesley Court
    Middletown, New York 10589

Mr. Buyl has knowledge of the type of the "Lowe's Job" including the type of work being performed and his own hourly wages.

4.  Mr. Nicholas Vieira                                (914) 232-5623
    c/o Landscape Unlimited, Inc.
    PO Box 38
    Somers, New York 10589

Mr. Vieira has knowledge of the allegations in the complaint and the factual circumstances to which they refer, and more specifically, the "Lowe's Job".

5.  Mr. Mark Vieira                                    (914) 232-5623
    c/o Landscape Unlimited, Inc.
    PO Box 38
    Somers, New York 10589

Mr. Vieira has knowledge of the allegations in the complaint and the factual circumstances to which they refer, and more specifically, the "Lowe's Job".

6.  Mr. John Wood                                      (973) 921-4840
    6 Wesley Court
    Middletown, New York 10941

Mr. Wood has knowledge of the communications between and among the Plaintiffs and the Defendant herein concerning the rate and benefit schedule.

The Defendant reserves the right to amend these disclosures to name additional persons after further discovery and investigation.

**B. A copy or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

Surety Bond
Collective Bargaining Agreement between Landscape Unlimited, Inc. and Local 825
Contribution Reports
Cancelled checks
Payroll records
Agreement between Landscape Unlimited, Inc. and the International Union of Operating Engineers Local 137

The Defendant reserves the right to amend these disclosures to name additional documents after further discovery and investigation.

**C. A computation of each category of damages claimed by the disclosing party who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;**

The Defendant, asserts a counterclaim for reasonable attorneys fees and costs in defending this action, the amount which has not yet been ascertained.

**D. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

The Defendant maintained a commercial general liability insurance policy with Ohio Casualty Insurance Company denominated as policy BKO (08) 52 82 29 53 which was effective from March 20, 2007 to March 20, 2008 with a General Aggregate coverage of $2,000,000.00 and $1,000,000.00 per occurrence limit. In addition, the Defendant had a Surety Bond for payment with American Safety Casualty Insurance Company in the amount of $25,000.00 covering the Collective Bargaining Agreement between Landscape Unlimited, Inc. and Operating Engineers Local 825.

Dated: New Rochelle, New York
       April 23, 2008

                              The Defendant,

                              LANDSCAPE UNLIMITED, INC.

                              BY: _____
                              JOHN S. KOMMER, ESQ.
                              MARCUS OLLMAN &KOMMER, LLP
                              Federal Bar # JK8570
                              145 Huguenot Street, Suite #402
                              New Rochelle, New York 10801
                              (914) 633-7400
                              (914) 633-7445 - fax
                              Jkommer@moklaw.com

TO:   Paul A. Montalbano, Esq.
       COHEN, LEDER, MONTALBANO
       & GROSSMAN, LLC
       Attorneys for Plaintiffs
       1700 Galloping Hill Road
       Kenilworth, NJ 07033
       (908) 298-8800